ATMOSPHERIC SCREEN CO., Inc., v. VAN CORTLANDT AMUSEMENT CORP.

(Supreme Court, Appellate Term, First Department.   March 30, 1916.)

SALES ☞360(1)—REMEDY OF SELLER—ACTION FOR PRICE—AMOUNT OF RECOVERY.

   In an action for goods sold and delivered upon a contract that they should be paid for partly in cash, not to exceed $200, and partly in advertising, the plaintiff is entitled to no greater damages than $200; the record not showing any breach of the contract by defendant as to the advertising.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1060; Dec. Dig. ☞360(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Atmospheric Screen Company, Incorporated, against the Van Cortlandt Amusement Corporation.   From a judgment for plaintiff, after trial before the court without a jury, defendant appeals.   Judgment affirmed as modified.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Andrew F. Van Thun, Jr., of Brooklyn, for appellant.

Benjamin Berinstein, of New York City, for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment for the sum of $345 for goods sold and delivered.   It appears undisputed that on September 20, 1915, the parties signed the following contract:

"New York, Sept. 20, 1915.

"Atmospheric Screen Co., Inc., 261 Broadway—Gentlemen:   Kindly enter my/our order for Atmospheric Screen, size 12.82x17.10, price $1.50 per square foot, net cash, less all over the sum of $200.   Atmospheric Screen Co. to receive advertising for the difference by showing slide for period of 3 months. To be delivered at          about          days from date.   This order cannot be cancelled under any condition.

"Kindly fill out the form below, as it is necessary to know the measurements of your screen.

Size of present screen (outside measurement)..............14' 2"x18' 6" open
Size of picture thrown on the screen......................12.82x17.10
Distance of screen from front seats.......................12'
Distance from edge of screen to side walls of theater........18'
Length of throw.......................................90'
Present amperage.......................................
Cost of current per hours per week running................
Seating capacity......................................12 hundred

"Screen guaranteed to be satisfactory to purchaser.   Screen in any event not to exceed $200 in cost.

"[Signature]   Atmospheric Screen Co., Inc.,
"By Wm. A. Schacht, Secy.
"261 Broadway."

Thereafter the plaintiff did furnish an atmospheric screen of the size stipulated.   The actual issue tried in the court below was whether the screen as furnished complied with this contract.   The plaintiff pre-

sented evidence to show that it furnished a screen which was not only suitable for its purpose, and which reasonably should have been satisfactory to the defendant, but which was in fact satisfactory to the defendant until defects arose through the manner in which the defendant handled the screen. This evidence was controverted by the defendant, but the trial judge resolved the question of fact in favor of the plaintiff, and I cannot find that his decision is against the weight of evidence. It seems to me, however, that the judgment for $345 is excessive. That sum is arrived at by multiplying the number of square feet of the screen by the sum of $1.50. The defendant, however, never agreed to pay the sum of $1.50 per square foot, and there is no evidence that the screen was reasonably worth such a sum. The contract provides:

"Price $1.50 per square foot, net cash, less all over the sum of $200. Atmospheric Screen Co. to receive advertising for the difference by showing slide for period of 3 months.  *  *  *  Screen in any event not to exceed $200 in cost."

The parties have therefore agreed that the screen shall in no event cost over the sum of $200, and in an action for goods sold and delivered, brought upon this contract, the plaintiff is entitled to no greater damages. The record does not show that the Atmospheric Screen Company is not receiving advertising as promised in the contract; but, even if the defendant is breaching its contract in that regard, the plaintiff cannot recover in this action for goods sold and delivered more than the agreed price, and any breach of the other provisions of the contract would give rise to a separate cause of action.

Judgment should therefore be reduced to the sum of $200 damages, with appropriate costs in the court below, and, as modified, affirmed, without costs to either party upon this appeal. All concur.